*Clark & Swasey* vs. *Stevens.*

## CLARK & SWASEY vs. STEVENS.

Where a cause is submitted to a court sitting as a jury, and the court is not called on to decide some question of law, its judgment will be affirmed.

## ERROR to St. Louis Court of Common Pleas.

HAMILTON, *for Plaintiffs, insists:*

1. Stevens could not sell or in any way act under a writ directed to and in the hands of Paulding, nor could he make any such agreement to the prejudice of the plaintiffs, as he sets up in his answer. 10 Peter's Rep., p. 400.

His attempt to sell under Paulding's writ as alleged was abortive, and the boat, in fact and law, was never sold on Paulding's writ. 1st Halsted's Rep., 228.

Stevens could not act as Paulding's deputy, unless appointed according to law. Rev. Stat. 1835, p. 116, sec. 5, and p. 19, sec. 32.

Admitting that Stevens could act as the crier or auctioneer of Paulding, without having been appointed his deputy according to law, he nevertheless was bound by the command of *his own* writs, to sell the whole boat, to satisfy them, and could make no valid agreement, that part of the

property should go to satisfy Paulding's—his own being unsatisfied. 6 Halsted's Rep., 346; 10 Peter's Rep., 400; 2 Vt. Rep., 270; 3 Marshall Rep., 359.

It was Stevens' duty to sell the whole boat, if necessary, to satisfy his own writs in full, if the proceeds were sufficient. This he has not done, but illegally paid the sum of $67 75 to Paulding, and in making the returns which he has, he has made false returns.

2. Semple's writ was not entitled to payment as a first class claim, even if the position above contended for should be held untenable, for the plaintiff's writs were endorsed by the justice issuing them, of the *second* class, while Semple's was not classed at all by the justice, and therefore it should have been postponed to all writs that had been endorsed by the judicial officer.

Plaintiffs contend that the classification of the claims against a boat is a judicial act, and to be performed by the court rendering judgment; and when the court has fixed the class, the executive officer (the Constable) is bound by it, and must pay the proceeds in accordance with the court's classification. Plaintiffs' claims were placed by the justice in the second class, and Stevens should have paid them as such. Semple's claim was not classed by the justice, and the constable, being only a ministerial officer, had no authority to determine its class. All claims that had been classed by the court should have been fully paid before Semple's was entitled to receive anything. If Semple claimed the privilege of a first class creditor, it was his duty to have got the justice to place his claim in the first class, and to have delivered it as such to the constable. As he failed to do this, the law presumes that he was not entitled to the privilege of a first, second, or third class creditor, but that he belonged to the lowest class known to the law.

3. Admitting that the constable was not bound by the classification of the justice—that he had a right to determine the class of the different claims, and could, for this purpose, refer to the causes of action filed before the justice—even then, Semple's claim was wrongfully paid a first class claim. His judgment was founded on a note purporting to be given for services rendered to the boat by Semple. This comes within no class named in the statute; certainly not in the first.— Plaintiffs' claims, it is admitted, were for stores and supplies furnished the boat. They, then, were clearly in the second class, and to their payment Stevens should have applied the $67 75.

4. Semple's judgment and execution were void. Stevens, under the plaintiffs' warrants, and others directed and delivered to him, levied on the whole boat, and took her, and all appendages, into his possession, on the 20th of August, 1844. Paulding claims to have made a levy on the 21st of August, a day later than Stevens levied. Plaintiffs say that Stevens having, on the 20th August, taken the whole boat into his possession, Paulding could make no legal levy. See R. S. 1835, p. 256, sec. 18, and Acts of 1839, p. 44, sec. 5; 6 Halsted's Rep., 218; 16 John. Rep., 287, showing what constitutes a good levy.

If Stevens, by virtue of his levy on the 20th, had the boat in his custody and exclusive control, then Paulding could make no levy on the 21st. If Paulding did make a good levy on the 21st, then Stevens was guilty of an escape of the property; and in this event, his return was false.— See 8 Martin's Rep., new series, p. 664.

EAGER & HILL, *for Defendant, insist:*

That the evidence does not prove any false return made by defendant on the plaintiffs' orders of sale—

1. Because Paulding held and controlled as an independent officer the Semple order of sale, and although defendant acted as crier at the sale, and received the proceeds of the boat, yet Paulding applied the money on the Semple judgment, and paid it off as a lien of the "first class," and this defendant is not bound by the acts of Paulding in that behalf, for he had no control over Paulding or the Semple judgment or order of sale.

2. If there be any doubt as to the preceding point, this defendant insists that the judgment in the

Semple case was on a note for services rendered to the boat, and that it was lawfully paid off in the "first class," unless notice was given defendant that it was not a first class lien before Paulding paid it off.

3. The plaintiffs received the 59 per cent. on their orders of sale, and gave their receipts therefor, without giving defendant any notice of their claim to any part of the proceeds, which had been applied to the payment of the Semple judgment.

4. The Semple judgment appeared n it face to be a judgment rendered on a first class lien, and it was paid as a first class lien, without any notice to the defendant that it was in fact a "second class" lien—and therefore this defendant ought not to be charged, for he acted in good faith and obeyed the statute to the best of his ability. This defendant was not authorized and could not go behind the judgments to ascertain what liens were in the first or second classes. He was bound by law to pay the judgments according to their classes and as they were classed in the record.

5. But admitting that there was error in the appropriation of the money by Paulding on the Semple judgment, and that this defendant was in some form of action liable for permitting such an appropriation, the evidence does not sustain the charge against defendant of a "false return," and the plaintiffs, after receiving their per centum, (without notice of a claim to the money in the first class liens) are estopped from making such a charge.

McBRIDE, J., *delivered the opinion of the Court.*

This case was submitted to the court sitting as a jury, partly on facts agreed, and partly on oral evidence, when the Judge found a verdict for the defendant, to which finding and judgment thereon the plaintiff excepted and sued out a writ of error.

Although several questions of law might readily arise on the facts and evidence in the cause, yet the Court was not called upon to decide any, and we cannot learn from the record the grounds upon which the case was decided. How is this Court, then, to review the decision of the Court of Common Pleas? Which of the various points of law properly belonging to the case, is this Court to affirm or reverse the judgment upon? We cannot tell. It is the duty of the party complaining of a judgment of the court below, so to prepare his case in that court as to be enabled, when the record comes into this Court, to shew conclusively and at once wherein there was error.

This case falls within the doctrine laid down in 8 Mo. R., 701, 709; 9 Mo. R., 48, 49, 291, 355, 397.

The judgment of the Court of Common Pleas is therefore affirmed.

SCOTT, J.

In my opinion, the evidence in this case does not show that the constable was guilty of a false return. I am therefore in favor of affirming the judgment.